IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AETC II PRIVATIZED HOUSING, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Nos. 22-345C; 22-346C; 22-348C; <br> 22-349C; 22-350C; 22-351C; <br> 22-352C; 22-353C; 22-354C; <br> 22-355C; 22-356C; 22-357C; <br> 22-358C; 22-359C; 22-360C; <br> 22-361C; 22-362C; 22-363C <br><br> Senior Judge Horn |

## MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court enter the attached proposed Protective Order which contains otherwise salutary provisions designed to facilitate the parties' exchange of information while safeguarding sensitive and/or proprietary information. The defendant was unable to obtain consolidated plaintiffs' position on the motion prior to filing.

Paragraph 1 of the proposed protective order defines protected information.

Paragraph 2 of the proposed protective order identifies restrictions on the use of protected information.

Paragraph 3 of the proposed protective order identifies the individuals who are permitted to access protected information.

Paragraph 4 of the proposed protective order outlines the process for applying for access to protected information.

Paragraph 5 of the proposed protective order identifies the timeframe within which the parties may object to applications for access to protective information.

Paragraph 6 of the proposed protective order states that, in the absence of any objections,

an individual seeking access to protected information will receive such access without further court intervention.

Paragraph 7 of the proposed protective order discusses the automatic admission, under the protective order, of Court and Executive Branch personnel.

Paragraph 8 of the proposed protective order states that support personnel may access protected information so long as the conditions listed therein have been satisfied.

Paragraph 9 of the proposed protective order identifies how protected information should be labeled.

Paragraph 10 of the proposed protective order outlines filing procedures for protected information.

Paragraph 11 of the proposed protective order identifies the procedure for identifying documents that were not previously sealed but are entitled to protection under this Order.

Paragraph 12 of the proposed protective order outlines the redaction process to be implemented prior to filing protected information in the public record.

Paragraph 13 of the proposed protective order places limitations on copying protected information.

Paragraph 14 of the proposed protective order identifies the way in which a party waives protection of this order.

Paragraph 15 of the proposed protective order discusses parties' obligations to safeguard protected information.

Paragraph 16 of the proposed protective order identifies the procedure for addressing breaches to this Order.

Paragraph 17 of the proposed protective order authorizes the parties to seek relief from

this Order.

Paragraph 18 of the proposed protective order states that the Court will maintain protected information under seal throughout the duration of the litigation.

Paragraph 19 of the proposed protective order discusses the retention and return of protected information at the conclusion of the litigation.

Paragraph 20 of the proposed protective order identifies the parties' obligation to dispose of protected information at the conclusion of the litigation.

The proposed protective order will facilitate the review of documents incident to litigation of the Government's motion to dismiss and help expedite discovery, particularly the exchange of large volumes of documents, by protecting confidential, proprietary, personally identifiable information (PII), financial, highly sensitive, or legally protected information possessed by the Government, which ordinarily would not be available publicly because its disclosure could harm Government interests or the privacy rights of individuals. This need is acute in this case, as the parties' dispute concerns plaintiffs' ownership, operation, design, construction, renovation, and maintenance of military installations throughout the United States. For these reasons, the Government respectfully request the Court to enter the attached proposed protective order.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Principal Deputy Assistant Attorney General

                PATRICIA M. McCARTHY
                Director

                /s/ Elizabeth M. Hosford by Deborah Bynum

<table>
<tr><td>

OF COUNSEL:

ALISSA SCHRIDER
Trial Attorney
Air Force Legal Operations Agency
1500 W. Perimeter Rd.
Joint Base Andrews, MD 20762




July 13, 2022

</td><td>

ELIZABETH M. HOSFORD
Assistant Director

<u>/s/ Ebonie I. Branch</u>
EBONIE I. BRANCH
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 353-7578
Facsimile: (202) 305-7644

Attorneys for Defendant

</td></tr>
</table>

CERTIFICATE OF SERVICE

I certify under that on this 13th day of July, 2022 a copy of the foregoing "DEFENDANT'S MOTION FOR A PROTECTIVE ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Ebonie I. Branch  
Ebonie I. Branch