# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AETC II PRIVATIZED HOUSING, LLC, *et al.*, | ) | No. 22-345; 22-346C; 22-348C; 22-349C; 22-350C; 22-351C; 22-352C; 22-353C; 22-354C; 22-355C; 22-356C; 22-357C; 22-358C; 22-359C; 22-360C; 22-361C; 22-362C; 22-363C |
| Plaintiffs, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | (Judge Meriweather) |

## AMENDED PROTECTIVE ORDER

With the agreement of the parties, the Court having determined that there is good cause for issuance of an amended protective order pursuant to Rules of the Court of Federal Claims ("RCFC") Rule 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action, it is hereby **ORDERED** as follows:

### A. DEFINITIONS

1. "Action" shall mean the case captioned *AETC II Privatized Housing, LLC, et al., v. United States*, Case No. 22-345 *et al.*

2. "Confidential Information" shall mean information that, at the time of its production in discovery in the Action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information:

   a. is not in the public domain, or if in the public domain, is improperly in the public domain; and

      i. is a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

      ii. is personal financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

      iii. is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a;

      iv. is information that has properly been marked and designated as Classified, "Controlled Unclassified Information" ("CUI"), and/or

> historical terms such as "For Official Use Only" ("FOUO"), "Sensitive But Unclassified" ("SBU"), or "Law Enforcement Sensitive" ("LES");
>
> v. is Department of Defense Critical Infrastructure Security Information ("DCRIT Information"): for purposes of this Protective Order, DCRIT Information takes the definition at 10 U.S.C. § 130(e), whether such information has been exempted upon a written determination as set forth in 10 U.S.C. § 130(e) or has been determined to presumptively meet the definition in 10 U.S.C. § 130(e) pending a written determination as set forth in 10 U.S.C. § 130(e)(a).); or
>
> vi. is information (including documents or testimony) containing and/or evidencing asserted agency pre-decisional deliberations.

3. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

4. "Document" shall mean all items listed in RCFC 34(a)(1)(A) & (B).

5. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

6. "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information pursuant to this Protective Order.

7. "Producing Party" shall mean the person or party producing in discovery in the Action.

8. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

**B. PURPOSE, SCOPE, AND LIMITATIONS OF PROTECTIVE ORDER**

9. This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party"). This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

10. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

11. This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action, with the exception of the United States' designation of material as containing and/or evidencing asserted agency pre-decisional deliberations and therefore constituting Confidential Information under Section A.2.a.vi, above. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

12. The protections conferred by this Protective Order do not cover any information

    a. that is properly in the public domain;

    b. that properly becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or

    c. that is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

13. This Protective Order does not govern the Parties' use of Confidential Information in open court at any hearing or trial in this Action, except that Confidential Information as defined in Section A.2.a.vi above shall not be presented, discussed, or used in an examination in open court. The Parties agree to meet and confer in advance of any such hearing or trial to address any necessary protections for information the Parties anticipate may be implicated in such proceedings. The Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

14. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

15. Any Confidential Information referenced in any pleading, contained in, or attached to any Document filed with the Court in this Action by the Producing

Party shall at the time of filing cease to be Confidential Information unless the Producing Party redacts the filed document and files the un-redacted pleading or Document under seal.

16. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

17. This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

18. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

19. Any party may at any time seek modification of this Order by motion to the Court, except with regard to provisions related to information containing and/or evidencing agency pre-decisional deliberations and therefore constituting Confidential Information under Section A.2.a.vi, above.

## C. METHOD FOR DESIGNATING CONFIDENTIAL INFORMATION

20. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

21. The Designation of Confidential Information should be limited to Documents or portions of Documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Paragraph A.2.

22. Documents produced in discovery in this Action shall be designated as containing

    a. For documents produced in paper or an electronic form that allow endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of AETC II LITIGATION CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER on at least the first page of the document asserted to contain Confidential Information as defined in Section A.2.a.i-v.

    b. For electronic information asserted to contain Confidential Information as defined in Section A.2.a.i-v that is provided in native form or a

      format that is not amenable to visible endorsement on the image, the file name(s) shall begin with AETC II CONFIDENTIAL.[1]

   c. The media on which the Confidential Information as defined in Section A.2.a.i-v is provided (e.g., CD, DVD, external hard drive) shall be plainly labeled with AETC II LITIGATION CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER, unless and until the protection of the data within the media is removed.

   d. With regard to Confidential Information as defined in Section A.2.a.vi, for documents produced in paper or an electronic form that allow endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of AETC II LITIGATION CONFIDENTIAL – DELIBERATIVE PREDECISIONAL – SUBJECT TO PROTECTIVE ORDER on at least the first page of the document asserted to contain Confidential Information as defined in Section A.2.a.vi.

   e. For electronic information asserted to contain Confidential Information as defined in Section A.2.a.vi that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with AETC II CONFIDENTIAL – DELIBERATIVE PREDECISIONAL.[2]

   f. The media on which the Confidential Information as defined in Section A.2.a.vi is provided (e.g., CD, DVD, external hard drive) shall be plainly labeled with AETC II LITIGATION CONFIDENTIAL – DELIBERATIVE PREDECISIONAL – SUBJECT TO PROTECTIVE ORDER, unless and until the protection of the data within the media is removed.

Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s), the location where the copies are stored, and user's access to the protected copies.

23. For interrogatory answers and responses to requests for admissions, designation of Confidential Information as defined in Section A.2.a.i-v shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: AETC II LITIGATION CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER. For interrogatory answers and responses to requests for admissions,

---

[1] The original metadata of the native files should be retained.

[2] The original metadata of the native files should be retained.

designation of Confidential Information as defined in Section A.2.a.vi shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: AETC II LITIGATION CONFIDENTIAL – DELIBERATIVE PREDECISIONAL – SUBJECT TO PROTECTIVE ORDER.

24. For depositions, designation of Confidential Information shall be made during the deposition on the record or by letter from counsel within thirty (30) days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available). All such designations of Confidential Information in a deposition shall include the reason(s) for the assertion and shall list the specific pages and lines of the transcript and/or any exhibits that constitute Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to the terms of this Protective Order. After designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information as described in Section A.2.a.i-v: AETC II LITIGATION CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. After designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information as described in Section A.2.a.VI: AETC II LITIGATION CONFIDENTIAL – DELIBERATIVE PREDECISIONAL – SUBJECT TO PROTECTIVE ORDER. If the deposition was filmed and contains Confidential Information as described in Section A.2.a.i-v, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled AETC II LITIGATION CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. If the deposition was filmed and contains Confidential Information as described in Section A.2.a.vi, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled AETC II LITIGATION CONFIDENTIAL – DELIBERATIVE PREDECISIONAL – SUBJECT TO PROTECTIVE ORDER.

25. For any other Document or item produced in discovery in this Action not falling within Paragraphs 22, 23, or 24 above, designation of Confidential Information as described in Section A.2.a.i-v shall be made by labeling the item or the item's container with AETC II LITIGATION CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER. For any other Document or item produced in discovery in this Action not falling within Paragraphs 22, 23, or 24 above, designation of Confidential Information as described in Section A.2.a.vi shall be made by labeling the item or the item's container with AETC II LITIGATION CONFIDENTIAL – DELIBERATIVE PREDECISIONAL –

SUBJECT TO PROTECTIVE ORDER. If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

26. After producing a document without the legend described in Paragraphs 22, 23, 24, or 25, a Producing Party may claim a document contains and must be treated as Confidential Information by notifying a Receiving Party in writing that the document is to be treated as containing Confidential Information.

27. If timely corrected, an inadvertent failure to designate Confidential Information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely notice of a proper designation of Confidential Information, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

28. If it comes to a Producing or Designating Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing or Designating Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

## D. CHALLENGING CONFIDENTIAL DESIGNATIONS

29. A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

30. The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order (other than information designated under Section A.2.a.vi, the designation of which may not be challenged) by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

31. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven (7) calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable documents and either maintain, withdraw, or modify the designation. The Designating Party must communicate its decision(s) to the Receiving Party within fourteen (14) calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

32. If the Designating Party decides to withdraw its designation, it shall give notice of this change to all parties.

33. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in Paragraph 31 above, or as otherwise agreed, either Party may file a motion seeking a determination from the Court.

34. Any information designated as Confidential Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

35. After a designation as Confidential Information is removed or withdrawn by the Designating Party or by the Court, the Designating Party must provide to the Receiving Party replacement documents, files, or information that are free from any markings or designations as Confidential Information. The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the Parties. The presumptive time for providing the replacement information shall be ten (10) days, but the Designating Party must in good faith provide the information in a reasonable time, considering any agreements with the Receiving Party, the volume of information to be re-produced, and the nature or format of the information.

**E. DISCLOSURE, USE AND HANDLING OF CONFIDENTIAL INFORMATION**

36. A Receiving Party may use Confidential Information only for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

37. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information.

38. Confidential Information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons:

    a. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as legal assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

    b. Current employees of the Parties who are assisting with respect to this Action;

    c. Any person with prior authorized access to the Confidential Information;

    d. Current employees of the Producing Party

    e. Witnesses, potential witnesses, and deponents, including their counsel;

    f. Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

    g. Photocopying, data processing, and other support services that are reasonably necessary in this Action;

    h. Retained expert witnesses and consultants;

    i. Mediators or arbitrators; and

    j. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

39. Disclosure to the persons referenced in subsections (38)(a)–(i) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

40. Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it except in conformance with this Protective Order.

41. Unless the Designating Party gives written permission or the Court otherwise orders, all Confidential Information that is filed with the Court must be (1) filed under seal or in camera in accordance with the Court's Local Rules and procedures, and/or (2) redacted from any filing that is publicly available.

42. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person or

party that either (a) the Designating Party does not object to the production of the Confidential Information or (b) that that the Designating Party will seek appropriate relief or protection from the proper court to prevent production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a Receiving Party or subpoenaed person to disobey a lawful directive from this or another court.

43. If the need arises for any Party to disclose Confidential Information as described in Section A.2.a.i-v in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving seven (7) days' notice to the Producing and/or Designating Party who, after a good faith effort to meet and confer, may seek additional relief from the Court. As stated in Section B.13, Confidential Information as defined in Section A.2.a.vi above shall not be presented, discussed, or used in an examination in open court, but such Confidential Information may be used in support of a dispositive motion provided that such Confidential Information is filed under seal and redacted from any public version of such filing.

**F. INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION**

44. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties agree to follow the Parties' Clawback Agreement and Federal Rule of Evidence 502(d) Order with respect to any inadvertently or unintentionally produced or disclosed Confidential Information subject to a claim of privilege or other form of protection.

45. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, including instances of suspected or confirmed data breaches or cybersecurity incidents, the Receiving Party shall, upon learning of the unauthorized disclosure:

   a. promptly notify in writing the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order;

   b. promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and

   c. promptly after discovery of the unauthorized disclosure, notify in writing the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the unauthorized disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

### G. DISPOSITION OF DOCUMENTS CONTAINING CONFIDENTIAL INFORMATION

46. Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access to back-up tapes, systems, or similar storage to the persons necessary to conduct routine IT and cybersecurity functions.

47. The Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

48. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

49. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; work product, including consultant and expert work product; and any other parts of the trial record, even if such material contains Confidential Information (with the exception of Confidential Information as defined in Section A.2.a.vi), so long as such material is and remains clearly marked to reflect that it contains Confidential Information including, but not limited to, in the filename(s), the location where the copies are stored, and user's access to the protected copies.

    Confidential Information as defined in Section A.2.a.vi in the form described in this paragraph shall be deleted, destroyed, or returned as described in Section G.46.  Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

50. In particular, attorneys for the United States may maintain copies of any documents designated as Confidential Information in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, consistent with 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

IT IS SO ORDERED.

Dated: March 3, 2026

                                                                                       ROBIN M. MERIWEATHER
                                                                                       Judge

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AETC II PRIVATIZED HOUSING, LLC, *et al.*, | ) | No. 22-345; 22-346C; 22-348C; 22-349C; 22-350C; 22-351C; 22-352C; 22-353C; 22-354C; 22-355C; 22-356C; 22-357C; 22-358C; 22-359C; 22-360C; 22-361C; 22-362C; 22-363C |
| Plaintiffs, | ) | |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | (Judge Meriweather) |

### **EXHIBIT A**

CERTIFICATION

1. My name is_____

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of _____ by _____

(Print Name)

Signed_____